IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAGDALENA L. AGUILAR | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| CVS PHARMACY, INC. | § § § | |
| | § | Jury Demanded |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes Now Plaintiff Magdalena L. Aguilar ("Plaintiff" herein), Individually, and on behalf of all similarly situated present and/or former employees, and brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant CVS Pharmacy, Inc., and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff and all similarly situated present and/or former employees for all of her/their overtime hours. Plaintiff was not compensated at the

rate of time and one-half for her regular rate of pay when she worked outside her normal work schedule. Moreover, she was required to work off the clock for hours and was not properly compensated for all work and/or overtime.

## II.   PARTIES

3. Plaintiff Aguilar is an individual who was employed by Defendant. She hereby consents to be a party in this action.

4. Defendant CVS PHARMACY, INC., the employer of Plaintiff, (Defendant or "CVS") is a corporation doing business in this District. A waiver of service has been forwarded to Defendant. Otherwise, Defendant can be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV.   COVERAGE

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the potential Class Members.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of

the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.  FACTUAL ALLEGATIONS

12. Defendant CVS is a drugstore/retailer doing business in San Antonio, in the State of Texas and nationally and it does more than $500,000.00 per year in business.

13. Plaintiff was a former employee of CVS working at a location in San Antonio, Texas. She and other employees were required to work off the clock. Moreover, she and other employees were required to work but were not paid overtime for all hours worked in excess of 40 hours per week.

14. For example, when the Plaintiff worked an opening shift, she was required to be there 30 minutes prior to opening but could not punch in until 6:57 am at the earliest. Therefore, the 30 minutes on openings were not reflected for employees on their time cards.

15. Moreover, when employees checked out, they had to punch out and then wait around so that their personal items could be inspected; apparently a policy to help prevent employee theft. For each shift, that would mean waiting around for 15 to 30 minutes for such an inspection, time for which they were not paid.

16. Plaintiff and other employees were requested to work numerous days, where the manager never paid for the time, including Plaintiff assisting with the opening of a new CVS store at Alamo Ranch Parkway. She had already worked full time of 40 hours that week, so she was entitled to an additional 37 hours for unpaid overtime but was not paid the overtime.

17. Plaintiff and other employees would repeatedly be asked to work days where she/they worked off the clock.

18. Plaintiff also was unpaid for the time she spent whenever an alarm went off and she had to report to the store to check on the alarm.

19. The work times for Plaintiff and other employees would be altered when she/they had overtime and her/their time would be changed so that the overtime was not reflected nor paid.

20. The managers would get disciplined for having too much employee overtime. Moreover, their performance evaluations would be affected in a negative manner. Therefore, they entered into a pattern and practice of trying to discount employee time and hours and employees were not paid for the time.

21. Defendant and its managers knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and other employees. Plaintiff complained to Defendant about Defendant's failure to pay time-and-a-half for hours in excess of 40 hours in a workweek and failed to pay for all hours worked. Defendant never fixed the problem after Plaintiff complained.

### VI.   CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning

of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII.   RELIEF SOUGHT

23.   WHEREFORE, cause having been shown, Plaintiff, Individually, and/or on behalf of all similarly situated present and/or former employees, prays for judgment against Defendant as follows:

    a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages and overtime due to Plaintiff and other similarly situated present and/or former employees and for liquidated damages equal in amount to the unpaid compensation found due;

    b.   For an Order awarding the costs of this action;

    c.   For an Order awarding attorneys fees; and

    d.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

/s/ Adam Poncio
**ADAM PONCIO**
State Bar No. 16109800
**PONCIO LAW OFFICES**
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile:  (210) 212-5880

Glenn J. Deadman
State Bar No. 00785559
**LAW OFFICES OF
GLENN J. DEADMAN, P.C.**
509 S. Main Avenue
San Antonio, Texas  78204
Telephone:  (210) 472-3900
Facsimile:   (210) 472-3901

**ATTORNEYS FOR PLAINTIFF**